IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT
AUSTIN DIVISION
1:17-cv-00435 AUSTIN CURLING CENTER LLC V. CITY OF SUNSET VALLEY,
TEXAS et al

STATE CAUSE NO.  D-1-GN-15-000515

| | | |
|---|---|---|
| AUSTIN CURLING CENTER, LLC, | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiff** | § | |
| | § | |
| vs. | § | 345TH JUDICIAL DISTRICT |
| | § | |
| THE CITY OF SUNSET VALLEY, | § | |
| TEXAS, MAYOR ROSE | § | |
| CARDONA, | § | |
| | § | |
| **Defendants** | § | TRAVIS COUNTY, TEXAS |

NOTICE OF REMOVAL

IN THE UNITED STATES DISTRICT COURT:

NOW COMES, Defendants CITY OF SUNSET VALLEY and MAYOR ROSE CARDONA, and file this notice of removal under 28 U.S.C. § 1446(a).

**I. INTRODUCTION**

1.      Plaintiff's road to a federal courthouse has been long and winding.  To say that Plaintiff has played games with its pleadings to avoid substantive rulings would be an understatement. When it filed its Original Petition as a pro se litigant in February of 2015, it asserted, among other claims, a takings claim strictly under state law.  When it finally got around to serving Defendants approximately 18 months after it filed its Original Petition, Defendants filed a motion to dismiss under various legal theories.  Rather than substantively addressing that motion, days before the hearing, Plaintiff filed a First, and shortly thereafter, a Second Amended Petition, both of which dropped takings claims altogether, and forced Defendants to address new claims in

those pleadings.  Thereafter, based on the claims contained in its Second Amended Petition, Defendants filed a comprehensive motion for summary judgment and plea to the jurisdiction, which was set for hearing in Travis County District Court on April 27, 2017.  Once again, rather than substantively addressing that motion on the merits, on April 20, 2017, Plaintiff filed its Third Amended Petition in the 345th Judicial District Court of Travis County, Texas, in Cause No. D-1-GN-15-000515.[1]

2.     In its Third Amended Petition, Plaintiff resurrected a takings claim, only this time, it asserted a taking under both the Texas and U.S. Constitutions, in addition to substantive and procedural due process claims under the 14th Amendment (in addition to state law tort claims). Plaintiff's Third Amended Petition is the first pleading to assert any federal-question causes of action against the City of Sunset Valley and Mayor Rose Cardona.  Defendants file this notice of removal within the 30-day time period required by 28 U.S.C. § 1446(b) (the 30-day period began to run on April 20, 2017 – this notice is filed prior to the expiration of 30 days from that date).

## II.  BASIS FOR REMOVAL

3.     Removal is proper because Plaintiff's suit now involves federal questions.  Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.  28 U.S.C. § 1441(b).  The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.  28 U.S.C. § 1331.

4.     Federal jurisdiction exists only when a federal question is presented on the face of a plaintiff's complaint.  *Rivet v. Regions Bank*, 522 U.S. 470, 475 (1998).  As the master of its own

---

[1]      Plaintiff's Third Amended Petition is attached hereto as Exhibit 1. Plaintiff's Original Petition, First Amended Petition and Second Amended Petition are attached hereto as Exhibit 2.

complaint, a plaintiff may avoid federal jurisdiction by relying exclusively on state law. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 398-99 (1987).  Plaintiff's Original, First and Second Amended Petitions do not invoke federal jurisdiction because diversity does not exist and no federal-questions were raised.  Once a federal-question is raised, to determine whether it has federal-question jurisdiction, a court must consider the degree to which federal law is in the forefront of the case - not collateral, peripheral, or remote.  *See Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 813 n. 11 (1986).

5.      In its Third Amended Petition, the gravamen of Plaintiff's claim is that together the City of Sunset Valley and Mayor Cardona implemented and imposed certain municipal regulations that rendered Plaintiff's real property valueless.  Plaintiff also alleges that the City and Mayor Cardona violated its substantive and procedural due process rights by conspiring to hide the implementation and existence of the City's master plan, which allegedly damaged Plaintiff by inducing it to purchase the real property in question, and incur thousands of dollars in engineering and legal fees in a futile attempt to develop the property.  The City and Mayor Cardona's alleged goal is to reduce the value of the property so the City can later swoop in and obtain it for pennies on the dollar, and turn it into green space, when the property should really be developed commercially.

6.      Standing alone, a federal takings claim is not ripe until a claimant has sought compensation through the procedures the state has provided.  *Sandy Creek Investors, Ltd. v. City of Jonestown*, 325 F.3d 623, 626 (5th Cir.2003).  Therefore, Plaintiff's unlitigated federal takings claim against the City may alone not support removal because federal takings claims are not ripe until the state remedy (state court inverse condemnation) has run its course.  *Folowell v. City of Sulphur Springs, Tex.*, 4:10CV664, 2011 WL 773037, at *1 (E.D. Tex. Mar. 1, 2011), report and

recommendation adopted sub nom. *Folowell v. City of Sulphur Springs, Texas*, 4:10CV664, 2013 WL 11554683 (E.D. Tex. Aug. 22, 2013).

7.    But Plaintiff has not simply asserted a federal takings claim against a municipality. Rather, Plaintiff has also asserted substantive and procedural due process claims against the City *and* one of its officials, Mayor Rose Cardona.  Therefore, although Plaintiff's state takings claim is as yet unadjudicated, it has asserted non-takings claims against a city official, putting Defendants in a Catch-22 – do they seek removal and risk remand and a claim by Plaintiff that the removal is purely for delay, or do they sit on their hands and risk losing their right to have federal claims against them heard in federal court?  See *Milliken v. Town of Addison*, CIV.A.3:02-CV-1164-D, 2002 WL 31059802, at *4 (N.D. Tex. Sept. 13, 2002) (city not required to "sit on rights" and potentially forgo removal).  Defendants contend that they are left with no choice but to remove, rather than risk forfeiting this right, because of the potentially broad-ranging nature of Plaintiff's factual allegations.

8.    As this court knows, due process violations with de minimus damages are constitutionally cognizable claims and the alleged denial of procedural due process is actionable for nominal damages without proof of actual injury.  *Bowlby v. City of Aberdeen*, Miss., 681 F.3d 215, 222-23 (5th Cir. 2012).  In addition, substantive due process claims are not necessarily subsumed in a takings claim. *John Corp. v. City of Houston*, 214 F.3d 573, 582 (5th Cir. 2000). Moreover, because Plaintiff does not affirmatively plead that its federal takings claim is unripe, but rather asserts it contemporaneously with substantive and procedural due process claims against a city official, Defendants are left with no choice but to protect their rights to remove this matter to federal court.  See *Milliken v. Town of Addison*, CIV.A.3:02-CV-1164-D, 2002 WL

31059802, at *4 (N.D. Tex. Sept. 13, 2002) (where court declined to award attorney's fees and costs under 28 U.S.C. § 1447(c) for allegedly improper removal).

9.      Plaintiff's factual allegations against both Defendants also support removal because they are not confined to an alleged regulatory taking.  For example, Plaintiff alleges that the City concealed passage of a master plan from Plaintiff, and failed to follow mandatory public notice procedures for passing such a plan.[2]   Plaintiff alleges that this lack of notice damaged it because it resulted in Plaintiff's purchase of the property in question, and caused it to spend "many thousands of dollars on engineering and legal assistance" to attempt to develop the property.[3] With regard to Mayor Cardona, Plaintiff alleges that Cardona desired to "prevent any commercial development"[4] of Plaintiff's property and that she "conspired" to subject the property to "undue restrictions."[5]    Plaintiff further asserts that Cardona's actions were "capricious and malicious in nature, and constitute a deliberate abuse of power."[6]  Plaintiff further alleges that Cardona "acted outside the course and scope of her employment"[7] and "simply wanted to quash the project."[8] Because these factual allegations arguably implicate claims beyond a regulatory taking, Defendants must seek removal now so that Plaintiff cannot argue later that they have waived their right to have a federal court hear federal claims. Obviously, Defendants deny the truth of these allegations, but for purposes of determining jurisdiction, the Court must treat them as true. *Amacker v. Renaissance Asset Mgmt. LLC*, 657 F.3d 252, 254 (5th Cir. 2011).

---

2        Plaintiff's Third Amended Petition ¶ 13.
3        Plaintiff's Third Amended Petition ¶¶ 13-15.
4        Plaintiff's Third Amended Petition ¶ 16.
5        Plaintiff's Third Amended Petition ¶ 19.
6        Plaintiff's Third Amended Petition ¶ 20.
7        Plaintiff's Third Amended Petition ¶ 30.
8        Plaintiff's Third Amended Petition ¶ 40.

10.     Although Plaintiff's factual allegations meander greatly, Defendants must treat them seriously and err on the side of caution.  In determining whether a plaintiff has asserted a procedural due process claim against a city official, the Fifth Circuit considers whether the plaintiff alleges that the individual defendant was either personally involved in the alleged deprivation, or wither the official's allegedly wrongful actions were causally connected to the alleged deprivation.  *Jabary v. City of Allen*, 547 Fed. Appx. 600, 607 (5th Cir. 2013). While Defendants reserve the right to challenge Plaintiff's pleadings in the context of a Rule 12(b)(6) motion, for purposes of removal, Defendant's cannot get to that point unless the case is first removed.  However inartfully worded, Plaintiff's Third Amended Petition clearly departs from its previous pleadings, and purports to assert federal-question claims beyond a takings claim against a municipality, which merits Defendant's notice of removal

11.     Any argument that Plaintiff has not implicated removal because its Third Amended Petition does not specifically cite 42 U.S.C. § 1983 would be meritless.  Plaintiff's failure to invoke § 1983 is a failure of form, not substance, because § 1983 merely provides a mechanism for enforcing individual rights secured by the Constitution or other laws of the United States. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285, 122 S. Ct. 2268, 2276, 153 L. Ed. 2d 309 (2002). Plaintiff has clearly alleged that the City and Mayor Cardona have violated multiple provisions of the U.S. Constitution, and its failure to specifically cite 42 U.S.C. § 1983 as the vehicle for its claims is immaterial for the purposes of a federal-question jurisdictional inquiry.  By comparing Plaintiff's live pleading to its earlier iterations, this pleading obviously departs from purely state law claims and raises exclusively federal questions – alleged violations of rights secured under the U.S. Constitution. *See City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 163 (1997).

12.     To the extent that Plaintiff may assert that this removal action is untimely because a federal-question was raised in an earlier pleading, such a position would be patently false. As this Court knows, a plaintiff is master of its complaint, and absent diversity, can generally avoid federal jurisdiction by declining to raise federal claims. *Avitts v. Amoco Production Co.*, 53 F.3d 690, 693 (5th Cir.1995). The well-pleaded complaint rule governs whether a claim arises under federal law, thereby conferring federal-question jurisdiction under § 1331. It provides that federal-question jurisdiction arises when a federal question is presented on the face of a properly pleaded complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). This means that even if federal and state law provide a remedy, a plaintiff can avoid federal jurisdiction by pleading exclusively under state law. *Id*.

13.     There are two notable exceptions to the well-pleaded complaint rule in which a court may disregard the façade of state law claims. First, federal jurisdiction is implicated when a state law claim necessarily turns on the construction of federal law. *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). Second, federal jurisdiction is implicated when federal law completely preempts state law claims. *Id*. Neither exception applies to Plaintiff's federal claims.

14.     While it is true that Plaintiff asserted a takings claim (inverse condemnation) in its (pro se) Original Petition, that petition only sought to vitiate Plaintiff's alleged rights under state law.[9] Indeed, that pleading only contains two direct references to the legal basis of Plaintiff's inverse condemnation claim – "Texas Government Code Section 273.002" and the "constitution." Although the Texas Government Code does not contain a Chapter 273, the Texas Local

---

9       Specifically, Plaintiff asserted an inverse condemnation claim under "Texas Government Code Section 273.002," and by "freezing" the property against development or sale. Plaintiff's Original Petition, page 3. Plaintiff also asserted that Defendants deprived it of the "constitutional right to commercially develop." Plaintiff's Original Petition, page 5. Notably, the Original Petition contains no reference to either due process or due course of law.

Government Code does contain a section 273.002, which provides that condemnation of property shall be in accordance with Chapter 21 of the Texas Property Code. TEX. LOC. GOV'T CODE ANN. § 273.002 (West). Moreover, the Texas Constitution obviously requires "adequate compensation" when property is taken, damaged or destroyed for public use. Article I, § 17 Texas Constitution. Therefore, nothing in Plaintiff's Original Petition put Defendants on notice that it was asserting federal question claims, and Plaintiff's First and Second Amended Petitions did not even assert state takings claims, let alone federal takings claims or due process violations.

15.    Defendants are concurrently filing a notice of removal with a copy of this notice of removal with the clerk of the state court in which the action has been pending and served a copy on Plaintiff.

16.    This removal action is filed within thirty (30) days of the service of Plaintiff's Third Amended Petition on Defendants, which is the first time a federal-question has been raised in this case. Since Plaintiff filed its Third Amended Petition on April 20, 2017, Defendants passed on their motion for summary judgment hearing set on April 27, 2017, and have otherwise done nothing to divest this Court of original jurisdiction over this lawsuit. Undersigned counsel represents all Defendants in this matter and all Defendants consent to removal.

### III. JURY DEMAND

17.    No demand for jury was made by either parties in the state court case.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that Cause No. D-1-GN-15-000515, now pending in the 345th Judicial District Court of Travis County, Texas, be removed to this Honorable Court. Defendant further requests that the Court grant any and all other relief to which Defendant may show itself justly entitled.

Respectfully submitted,

**KNIGHT & PARTNERS**
Executive Office Terrace
223 W. Anderson Lane, Ste. A-105
Austin, Texas 78752
Phone: (512) 323-5778
Fax:    (512) 323-5773

By: */s/ Bradford E. Bullock*
Bradford E. Bullock
State Bar No. 00793423

**ATTORNEY FOR CITY OF SUNSET VALLEY, TEXAS AND MAYOR ROSE CARDONA**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the **NOTICE OF REMOVAL** was served according to the Federal Rules of Civil Procedure, in the manner indicated below on the May 10, 2017 addressed to:

Mr. Jeffrey S. Kelly                                    via email to jkelly@kellylegalgroup.com
Mr. Keith S. McMahon
Mr. Chad W. Eaton
THE KELLY LEGAL GROUP, PLLC
P.O. BOX 2125
Austin, Texas 78701-2125
512-505-0053 tel
512-505-0054 fax
jkelly@kellylegalgroup.com

*/s/ Bradford E. Bullock*
BRADFORD E. BULLOCK

9